UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
EVANSVILLE DIVISION

| | |
|---|---|
| THOMAS VOGLER, SR., THOMAS VOGLER, JR., TIFFANY M. VOGLER, and TAMMY VOGLER,<br>　　　　　　　Plaintiffs,<br><br>vs.<br><br>JAMES R. POSHARD & SON, INC., POSHARD LOGISTICS, LLC, and JONATHAN SHEALEY,<br>　　　　　　　Defendants. | 3:14-cv-00105-RLY-WGH |

**ENTRY ON POSHARD LOGISTICS, LLC'S MOTION FOR SUMMARY JUDGMENT**

This action arises out of a vehicular accident that occurred on U.S. Highway 231 on March 20, 2014. On that day, Jonathan Shealey was driving a tractor owned by James R. Poshard & Son, Inc. and pulling a trailer owned by Poshard Logistics, LLC. Plaintiffs allege Shealey negligently caused the tractor-trailer to cross the center line and to crash head-on into Plaintiffs' vehicle. Defendant, Poshard Logistics, LLC, now moves for summary judgment. For the reasons explained below, the court **GRANTS** the motion.

**I.　Factual Background**

　　1.　On March 20, 2014, Shealey was an employee of Poshard and was acting in the course and scope of his employment. (Filing No. 63, Answer, ¶ 5).

　　2.　Logistics is a holding company that owns and leases trailers to Poshard. (Filing No. 100-2, Equipment Lease). Logistics does not employ drivers. (Filing No. 70-1, Affidavit of Casey J. Hudson, ¶ 4).

1

3. The tractor driven by Shealey on March 20, 2014, was owned by Poshard.[1] (Answer ¶ 8).

4. The trailer attached to the tractor driven by Shealey was owned by Logistics and leased to Poshard. (Casey Aff. ¶ 5).

## II. Discussion

Plaintiffs contend that Shealey was a statutory employee of Logistics and, therefore, Logistics may be found vicariously liable for their injuries under the doctrine of respondeat superior.

"Statutory employment is a theory under which employer liability is imposed even when an employment relationship does not exist." *Dolter v. Keene's Transfer, Inc.*, No. 3:08-cv-262, 2008 WL 3010062, at *3 (S.D. Ill. Aug. 5, 2008). In this case, the claim stems from Federal Motor Carrier Safety Administration regulation 49 C.F.R. § 376.12(c)(1). That regulation requires motor carriers who lease vehicles from others to "have exclusive possession, control, and use of the equipment for the duration of the lease" and to "assume complete responsibility for the operation of the equipment for the duration of the lease." Most importantly, it makes the carrier lessee "vicariously liable as a matter of law for a driver's acts in driving the vehicle even if the driver is not an employee of the carrier lessee under state law employment practices such that the common law theory of respondeat superior applies." *Johnson v. XTRA Lease, LLC*, No.

---

[1] Plaintiffs claim that the tractor involved in the accident displayed the USDOT number assigned to Logistics. The evidence reflects that the USDOT number displayed on the doors of the tractor was assigned to Poshard. (Filing No. 100-3, Affidavit of Casey J. Hudson ¶¶ 3-4).

08-C-5042, 2010 WL 706037, at *4 (N.D. Ill. Feb. 24, 2010) (citing *Simmons v. King*, 478 F.2d 857, 867 (5th Cir. 1973)).

Here, it is undisputed that Shealey is an employee of Poshard, that the carrier-lessee of the trailer is Poshard, and that the owner/lessor of the trailer is Logistics. On these facts, the statutory employment theory cannot be used to hold Logistics liable for Shealey's acts or omissions. "Such a theory imposes liability on carriers who lease equipment, not on the equipment owners." *Dolter*, 2008 WL 3010062, at *3. Accordingly, the court must **GRANT** Logistics' Motion for Summary Judgment.

### III. Conclusion

The court finds no genuine issue of material fact exists on the issue of whether Poshard Logistics, LLC, may be held vicariously liable for the acts or omissions of Jonathan Shealey on March 20, 2014. Poshard Logistics, LLC's Motion for Summary Judgment (Filing No. 69) is therefore **GRANTED**.

**SO ORDERED** this 8th day of September 2015.

_____
RICHARD L. YOUNG, CHIEF JUDGE
United States District Court
Southern District of Indiana

Distributed Electronically to Registered Counsel of Record.