UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
EVANSVILLE DIVISION

| | | |
|---|---|---|
| THOMAS VOGLER, SR., | ) | |
| THOMAS VOGLER, JR., | ) | |
| TIFFANY M. VOGLER, and | ) | |
| TAMMY VOGLER, | ) | |
| | ) | 3:14-cv-00105-RLY-WGH |
| Plaintiffs, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| JAMES R. POSHARD & SON, INC., and | ) | |
| JONATHAN SHEALEY, | ) | |
| | ) | |
| Defendants. | ) | |

**ENTRY ON DEFENDANTS' MOTION FOR PARTIAL SUMMARY JUDGMENT**

Plaintiffs, Thomas Vogler, Sr., Thomas Vogler, Jr., Tiffany M. Vogler, and Tammy Vogler, brought this action against Defendants, James R. Poshard & Son, Inc. ("Poshard") and Jonathan Shealey, for damages arising out of a vehicular accident that occurred on U.S. Highway 231 on March 20, 2014. On that day, Shealey was driving a tractor-trailer owned by Poshard. Plaintiffs allege Shealey negligently crossed the center line and collided with Plaintiffs' automobile. Defendants now move for summary judgment on Plaintiffs' claim for punitive damages. For reasons explained below, the court **GRANTS** the motion.

**I.    Standard**

Summary judgment is appropriate if the record "shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."

Fed. R. Civ. P. 56(a). To survive summary judgment, the nonmoving party must present specific facts showing the existence of a genuine issue for trial. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250, 106 S. Ct. 2505, 91 L. Ed. 2d 202 (1986). A genuine dispute of fact exists if, based on the evidence presented, a reasonable jury could find in favor of the non-moving party on a particular issue. *Id.* at 248. The court views all admissible evidence in the light most favorable to the nonmoving party, but it need not draw unreasonable inferences. *Tindle v. Polte Home Corp.*, 607 F.3d 494, 496 (7th Cir. 2010).

## II. Background

### A. Introduction

Poshard is a trucking company and the registered owner of the tractor involved in the collision on March 20, 2014. On that day, Shealey, employee of Poshard and driver of the tractor-trailer, was transporting coal from a coal mine in Corning, Indiana, to a power plant in Owensboro, Kentucky. Shealey would typically deliver three loads of coal from the mine to the power plant in a single day. The accident occurred at approximately one o'clock p.m. as Shealey headed northbound on U.S. Highway 231 to pick up a third load of coal. (Filing No. 86–9 ("Shealey Dep.") at 8–10).

Highway 231 is a two-lane highway with a single lane for northbound traffic and a single lane for southbound traffic. The posted speed limit where the accident occurred was fifty-five miles per hour. (Filing No. 86-2 at 3–6). In response to interrogatories, Shealey stated that he was traveling fifty miles per hour. (Filing No. 86-10 at 7). Shealey testifies that he entered the southbound lane where he collided with another

tractor-trailer heading south on Highway 231. After colliding with the tractor-trailer, Shealey testifies that he remained in the southbound lane where he collided head-on with Plaintiffs' vehicle traveling in the southbound lane behind the tractor-trailer. Plaintiffs suffered serious injuries as a result of the collision. (Filing No. 86-2 at 6–7). Shealey pleaded guilty to a citation for crossing the center line. (Shealey Dep. 69–70; Filing No. 86-4 at 3).

### B.   Evidentiary Matters

The court must address the parties' objections to designated evidence. Defendants designate documents purportedly consisting of Shealey's work history report, two different reports of his driving record, a drug test report, a photocopy of Shealey's driver's license, and a medical examiner's certificate. Plaintiffs object to the documents on grounds that Defendants failed to authenticate them with affidavits.

Because the court has diversity jurisdiction over this matter, federal law governs admissibility of evidence. *See Schrott v. Bristol-Myers Squibb Co.*, 403 F.3d 940, 943 (7th Cir. 2005). On summary judgment, the court will not rely upon unsworn or unauthenticated documents to which the opposing party objects. *Vukadinovich v. Bd. of Sch. Trs.*, 776 F. Supp. 1325, 1326 (N.D. Ind. 1991), *aff'd*, 978 F.2d 403 (7th Cir. 1992). Defendants have not attached any affidavits or supporting deposition testimony to the designations and therefore failed to meet their burden of producing evidence sufficient to

support a finding that the documents are what Defendants claim them to be.  *See id.*; Fed. R. Evid. 901(a).  Thus, the court excludes the documents from its consideration.[1]

Defendants object to Plaintiffs' reliance upon the Indiana Officer's Standard Crash Report (Filing No. 86-2 ("Crash Report")) as inadmissible hearsay.  The court agrees.  To the extent Plaintiffs rely upon witness statements reported in the Crash Report—as opposed to firsthand observations of the officer—the court finds it inadmissible.  *See Jordan v. Binns*, 712 F.3d 1123, 1133 (7th Cir. 2013) (citing the advisory committee's note to Federal Rule of Evidence 803(8), observing that "[p]olice reports have generally been excluded except to the extent to which they incorporate firsthand observations of the officer").

## III. Discussion

In the Second Amended Complaint, Plaintiffs allege that Defendants' conduct warrants the imposition of punitive damages.  (*See* Filing No. 62 ("Sec. Am. Compl.") at 6–12).  Plaintiffs appear to base their claim for punitive damages against Poshard on a theory of vicarious liability.[2]  Defendants argue Plaintiffs have failed to establish a

---

[1]  The court notes that Defendants declined to respond to Plaintiffs' objections.

[2]  On September 10, 2015, the court granted Defendants' motion for summary judgment on Plaintiffs' claim of negligent entrustment.  (*See* Filing No. 110).  Additionally, Plaintiffs disavow of any claims of negligence on the basis that Poshard negligently hired Shealey, (*see* Filing No. 86-1 at 3–4), but they do not articulate a cause of action against Poshard.  Punitive damages is not an independent cause of action.  *Yost v. Wabash College*, 3 N.E.2d 509, 514 (Ind. 2014).  Thus, the court construes Plaintiffs' evidence and arguments as supportive of a claim of vicarious liability against Poshard for the alleged negligence of its employee, Shealey.

dispute of material fact on the issue of punitive damages against either defendant and, accordingly, the court should grant summary judgment.

Indiana law views punitive damages as a means of deterring and punishing wrongful activity. *Yost*, 3 N.E.2d at 523. Because punitive damages are not commonplace and rarely appropriate, a "plaintiff has an especially heavy burden of proof at trial." *Id.* at 524. In tort actions, a plaintiff must show by clear and convincing evidence that the defendant either (1) engaged in "willful and wanton misconduct," knowingly subjecting other persons to probable injury, or (2) acted maliciously, fraudulently, oppressively, or with gross negligence and such conduct "was not the result of a mistake of law or fact, honest error of judgment, overzealousness, mere negligence or other such noniniquitous human failing." *Id.* at 523–24 (citations and internal quotation marks omitted).

Consistent with purposes of deterrence and punishment, Indiana law does not impose punitive damages against an employer strictly on the basis of respondeat superior for the misconduct of an employee. *Estate of Mayer v. Lax, Inc.*, 998 N.E.2d 238, 261 (Ind. Ct. App. 2013). Rather, punitive damages against an employer require "evidence of positive or collusive action by the employer." *Id.* To show such complicity, Indiana courts consider whether:

> (a) the principal or a managerial agent authorized the doing and the manner of the act, or
>
> (b) the agent was unfit and the principal or a managerial agent was reckless in employing or retaining him, or

5

>   (c) the agent was employed in a managerial capacity and was acting in the scope of employment, or
>
>   (d) the principal or a managerial agent of the principal ratified or approved the act.

*Id.* at 260 (citing Restatement (Second) of Torts § 909 (Am. Law Inst. 1979)).

Defendants argue that Plaintiffs failed to present evidence that Poshard engaged in wrongful conduct that warrants punitive damages under Indiana law. Plaintiffs rely on deposition testimony of Shealey to support the assertion that Shealey routinely drove more than twelve consecutive hours in a fourteen-hour period in violation of 49 C.F.R. § 395.3(a), which limits commercial drivers to eleven hours. (*See* Filing No. 87 ¶¶ 35–36). Plaintiffs then assert, without citation to evidence, that Poshard willfully and wantonly disregarded Shealey's practice of violating the eleven-hour limit. In support, Plaintiffs cite the following exchange:

>   Q:   So you would be gone from home over 12 hours every day working; right?
>
>   A:   Yes, sir.

(Shealey Dep. at 9). This exchange, however, follows Shealey's testimony that he typically left home in his tractor at approximately 5:20 a.m. and that his day ended "[a]round 4:30, 5:00 [p.m.]." (Shealey Dep. at 8–9). Shealey also testified that, prior to the accident, he took a lunch break and "[t]alked to another fellow driver about 15 minutes or so." (*Id.* at 10). Moreover, the collision occurred "somewhere near 1:00 [p.m.]," and Plaintiffs do not assert that driver fatigue contributed to the collision. *See Cast N. Am. (Trucking) Ltd. v. NLRB*, 207 F.3d 994, 999 (7th Cir. 2000) (noting that

regulations in § 395.3 are designed to prevent drivers from operating commercial vehicles while impaired by fatigue, illness, or any other cause).

As Defendants point out, the relevant inquiry is not how much time a driver spends away from home, but rather how much "driving time" he or she accrues within a fourteen-hour window. *See* 49 C.F.R. § 395.3(a)(3) ("A driver may drive a total of 11 hours during the 14-hour period specified in paragraph (a)(2) of this section"); 49 C.F.R. § 395.2 ("Driving time means all the time spent at the driving controls of a commercial motor vehicle in operation."). In light of the entire exchange between Shealey and Plaintiffs' counsel, (*see* Shealey Dep. at 8–10), Plaintiffs' assertion of fact reflects a conflation of "time away from home" and "driving time." This cursory attempt to show a violation of § 395.3(a) fails to establish a genuine dispute of fact, and the court declines to develop the argument for Plaintiffs. *See Krepps v. NIIT (USA), Inc.*, No. 11C8787, 2013 WL 2636879, at *7 (citing *Fabriko Acquisition Corp. v. Prokos*, 536 F.3d 605, 609 (7th Cir. 2008) for the proposition that it is not the court's role "develop and/or support arguments on behalf of parties"). Even if the court assumes the truth of Plaintiffs' assertion and its relevance to causation, they present no evidence that Poshard had knowledge of a violation nor provide any reason why such knowledge should be imputed to the company. Therefore, the court grants summary judgment as to Plaintiffs' claim for punitive damages against Poshard.

Plaintiffs fare no better in their claim for punitive damages against Shealey. Plaintiffs assert (1) that Shealey was speeding just before the collision; (2) that Shealey has a record of speeding; (3) that Shealey crossed the center line where he collided with

7

one truck and Plaintiffs' vehicle; (4) that Shealey referred to his record of speeding tickets as "being human"; (5) that Shealey was driving while impaired by controlled substances; (6) and that Shealey did not provide aid to the Plaintiffs immediately following the collision.  Taken together, Plaintiffs maintain, these assertions create a genuine dispute of material fact as to whether Shealey operated his tractor with willful and wanton disregard for the safety of Plaintiffs.  Defendants challenge each of these assertions of fact on grounds that they either obfuscate the evidence or simply fail to assert a degree of culpability that exceeds mere negligence.

The court need not address whether Shealey's driving speed constituted a reckless disgregard for other drivers, as Plaintiffs' own designated evidence establishes that Shealey's driving speed did not exceed the posted limit.  (*See* Crash Report at 3–6 (indicating posted speed limit of 55 miles per hour); Filing No. 86-10 at 7 (stating Shealey's driving speed as 50 miles per hour)).  Plaintiffs give the court no reason why the alleged conduct of Shealey immediately following a major vehicular accident should support a finding of misconduct that caused the accident.  In any event, Shealey testified that he rendered no aid to Plaintiffs because when he asked one of the Plaintiff passengers whether they "were all right," the passenger answered in the affirmative.  (*See* Shealey Dep. at 19–20).  Nor do Plaintiffs present any evidence that Shealey was driving while impaired.  Indeed, Plaintiffs' evidence indicates both that Shealey submitted to a drug test and that he was not charged with driving while impaired.  (*See* Crash Report at 3; Filing No. 86-10 at 5; Shealey Dep. at 7, 20–21; Filing No. 86-4 at 3–4).  Because

Plaintiffs have failed to establish a degree of culpability required to support a claim of punitive damages against Shealey, the court grants summary judgment.

## IV. Plaintiffs' "Motion to Amend" the Response in Opposition to Partial Summary Judgment

On August 26, 2015, a month after filing their Response in Opposition to Partial Summary Judgment, Plaintiffs filed a "Motion to Amend Opposition to Motion for Partial Summary Judgment Regarding Punitive Damages to Add Newly Discovered Evidence" (Filing No. 106). Plaintiffs seek to make new assertions of fact based on the deposition testimony of Knox Whitt, the driver of the tractor-trailer with which Shealey's tractor collided just prior to colliding with Plaintiffs' vehicle. Specifically, Plaintiffs wish to assert (1) that Shealey was looking down at his cellular phone just prior to the accident, and (2) that Whitt overheard an exchange between a responding officer and Shealey confirming that Shealey had ended a phone call with his wife just prior to the accident. (*See* Filing No. 106 at 3–4).

Plaintiffs provide no legal support for such a motion but nonetheless ask the court to consider the evidence to support their opposition to summary judgment on the claim for punitive damages. The court declines. Rule 56(d) permits a party to seek a stay of summary judgment proceedings when, by affidavit or declaration, it establishes that it needs more time to gather evidence to justify its opposition to summary judgment. As Defendants note, Whitt was involved in the accident and could have been deposed well before this stage of the proceedings.

9

## V. Conclusion

For the foregoing reasons, the court **GRANTS** Defendants' Partial Motion for Summary Judgment as to Plaintiffs' Claim for Punitive Damages (Filing No. 73).

**SO ORDERED** this 20th day of October 2015.

_____
RICHARD L. YOUNG, CHIEF JUDGE
United States District Court
Southern District of Indiana

Distributed Electronically to Registered Counsel of Record.