UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
EVANSVILLE DIVISION

| | |
|---|---|
| THOMAS VOGLER, SR., ) | |
| THOMAS VOGLER, JR., ) | |
| TIFFANY M. VOGLER, and ) | |
| TAMMY VOGLER, ) | |
| ) | 3:14-cv-00105-RLY-WGH |
| Plaintiffs, ) | |
| ) | |
| vs. ) | |
| ) | |
| JAMES R. POSHARD & SON, INC., and ) | |
| JONATHAN SHEALEY, ) | |
| ) | |
| Defendants. ) | |

**ENTRY ON PLAINTIFFS' MOTION FOR SANCTIONS AND FOR LEAVE TO REDEPOSE DEFENDANT SHEALEY**

Plaintiffs, Thomas Vogler, Sr., Thomas Vogler, Jr., Tiffany M. Vogler, and Tammy Vogler, brought this action against Defendants, James R. Poshard & Son, Inc. ("Poshard") and Jonathan Shealey, for damages arising out of a vehicular accident that occurred on March 20, 2014. Plaintiffs allege that Shealey, while driving a tractor-trailer owned by Poshard, negligently crossed the center line on U.S. Highway 231 and collided with Plaintiffs' automobile. In discovery, Plaintiffs served Shealey with a request for production ("RFP") of Shealey's personal cell phone records for March 20, 2014 (*See* Filing No. 151 at 2 ("RFP No. 32")). At his deposition, Shealey produced his cell phone records for March 20, 2013, exactly one year prior to the accident. This failure to produce prevented Plaintiffs from exploring certain lines of questioning during the deposition. Plaintiffs now move (1) to compel Shealey's response to the RFP, (2) for

1

leave to re-depose Shealey at the offices of Plaintiffs' counsel in St. Louis, Missouri, and (3) for sanctions against Shealey for failing to respond to Plaintiffs' RFP.[1]

Defendants concede that Shealey failed to respond to Plaintiffs' RFP. The court therefore **GRANTS** Plaintiffs' motion to compel Shealey's response to Plaintiffs' RFP No. 32.

Defendants further concede that Plaintiffs should have the opportunity to re-depose Shealey, but they object to conducting a second deposition in St. Louis. Defendants report that Shealey recently obtained new employment and fears termination if he must take time to travel to a deposition. Accordingly, Defendants request that the deposition occur in Evansville, Indiana, where Shealey resides and where the trial of this matter is set for November 16, 2015. In the alternative, Defendants recommend that Plaintiffs conduct the deposition by telephone. Plaintiffs filed no reply to Defendants' position.

The court is sympathetic to the cost and inconvenience of having to re-depose Shealey. Moreover, Defendants have failed to adequately explain Shealey's failure to respond to RFP No. 32. Shealey and his counsel cannot agree as to which cell phone service provider Shealey used in March 2014. Counsel simply informs the court that "Shealey's memory appears to be faulty." If this sufficed to justify such a significant delay in the production of cell phone records—by no means an impossible order—civil

---

[1] Plaintiffs cite not a single rule in the Federal Rules of Civil Procedure as authority for the relief they seek. Thus, the court, to the best of its ability, will frame Plaintiffs' motion in the language of the applicable rules.

litigation in federal court would grind to a halt.  Nevertheless, with trial less than two weeks away, the court exercises its broad discretion and orders that a second deposition of Shealey occur in Evansville, Indiana.  *See In re Petition of Boehringer Ingelheim Pharm.*, 745 F.3d 216, 221 (7th Cir. 2014) ("[D]istrict courts managing civil cases have extensive discretion over the locations of depositions").  Of course, the parties may agree to conduct a second deposition by telephone or other remote electronic means.

Thus, the court **GRANTS in part** Plaintiffs' motion for leave to re-depose Shealey.  Plaintiffs may notice another deposition of Shealey, but it must either occur in Evansville, Indiana, or by remote means.

Defendants object to the imposition of sanctions, arguing that Shealey has not intentionally provided faulty information.  Although the court remains incredulous, Plaintiffs have not responded to Defendants' position nor shown that Defendants' have failed to comply with a court order.  *See* Fed. R. Civ. P. 37(b).  Moreover, Shealey's first deposition occurred on March 31, 2015, and yet Plaintiffs did not move to compel Shealey's response to RFP #32 until October 8, 2015.  Therefore, the court **DENIES** Plaintiffs' motion for sanctions.

On October 30, 2015, Defendants filed a motion to designate Evansville, Indiana, as the location of Shealey's second deposition (Filing No. 160).  Defendants make the same argument they made in response to Plaintiffs' motion for leave to re-depose Shealey.  In light of the court's ruling on Plaintiffs' motion as set forth in this Entry, Defendants' motion is **DENIED as moot**.

## V. Conclusion

For the foregoing reasons, the court **GRANTS in part** and **DENIES in part** Plaintiffs' Motion for Sanctions and to Open Discovery for Limited Purpose to Allow Second Deposition of Defendant Shealey (Filing No. 151).  Defendants' Motion for Designation of Location of Jonathan Shealey's Second Deposition (Filing No. 160) is **DENIED as moot**.

**SO ORDERED** this 4th day of November 2015.

_____
RICHARD L. YOUNG, CHIEF JUDGE
United States District Court
Southern District of Indiana

Distributed Electronically to Registered Counsel of Record.